# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRICIA ZUBRICK, individually and on behalf of all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. 11-cv-8543 |
| v. ) ) | Judge Robert M. Dow, Jr. |
| ENDO PHARMACEUTICALS, INC., ENDO PHARMACEUTICALS HOLDINGS, INC., and VINTAGE PHARMACEUTICALS, LLC, ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tricia Zubrick, individually and on behalf of all others similarly situated, filed a class action complaint against Defendants Endo Pharmaceuticals, Inc., Endo Pharmaceuticals Holdings, Inc., and Vintage Pharmaceuticals, LLC.[1] Before the Court are Defendants' motion [18] to dismiss, or in the alternative, for summary judgment and Plaintiff's motion [30] to deny or stay Defendants' motion pending discovery. For the reasons stated below, Defendants' motion [18] is granted, and Plaintiff's motion [30] is denied. As a result, Plaintiff's motion to certify [8] is also denied as moot.

---

[1] The complaint originally named Endo Pharmaceuticals, Inc., Endo Pharmaceuticals Holdings, Inc., Qualitest Products, Inc., and Brenn Distribution, Inc. [See 1.] The Court later granted the parties' joint motion [16] to substitute parties. [See 24, 25.]

1

I. **Background**

   A. **Allegations in the Complaint**[2]

Zubrick proposes a class[3] of consumers of certain "ineffective" Tri-Previfem birth control pills, which are manufactured by Defendants. [1 at ¶¶ 1, 23.] Zubrick purchased three packages of Tri-Previfem in lot DGHN that expire in December 2012. [1 at ¶ 18.] The lot number and expiration date are visible in each of the three pictures of the pills attached to the complaint. [See 1 at 6-7.] These pills, however, were "ineffectively manufactured, packaged, and distributed" in that the pill orientation was out of order, leaving Zubrick "without adequate contraception and at risk for pregnancy." [1 at ¶ 12.]

On September 15, 2011, Defendants issued a nationwide voluntary recall of Tri-Previfem, including lot DGHN. [1 at ¶ 15.] A month later, Zubrick's doctor informed her about the recall; she also received a letter from the pharmacy where she filled her prescriptions. [1 at ¶ 19.] Because of the defect, Zubrick "was left in the same position as if she had not taken any oral contraceptives." [1 at ¶ 21.] Zubrick contacted the pharmacy and Defendants to request a refund, but her requests were denied. [1 at ¶ 20.]

On December 1, 2011, Zubrick filed a five-count complaint in federal court "to recover for damages for ingesting the ineffective pills." [1 at ¶ 17.] In Count I (violation of Illinois Consumer Fraud and Deceptive Business Practices Act and similar state laws), Zubrick alleges that she relied on Defendants' failure to disclose the defect in purchasing Tri-Previfem, resulting in inadequate contraceptive protection. [1 at ¶¶ 42-43.] In Count III (common law fraud by

---

[2] On a motion to dismiss, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

[3] The issues currently before the Court do not depend on the sufficiency of Plaintiff's class allegations. Therefore, for the sake of simplicity, the Court refers only to Zubrick for the remainder of this opinion.

omission),[4] Zubrick makes similar allegations. [1 at ¶¶ 60-61.] In Count IV (breach of implied warranty of merchantability), Zubrick alleges that the Tri-Previfem pills she purchased were not reasonably fit for their intended purpose. [1 at ¶¶ 64-65.] In Count V (unjust enrichment), Zubrick alleges that, due to the defect, it would be inequitable for Defendants to retain benefits she conferred on them in purchasing Tri-Previfem. [1 at ¶¶ 69, 71.] In each Count, Zubrick requests, among other things, that Defendants be compelled to establish a program to reimburse customers who have purchased "ineffective" Tri-Previfem pills.

### B. Undisputed Material Facts[5]

The press release issued by Defendants regarding the recall is publicly available. [29 at ¶ 6.] The release states, in relevant part:

> The recall is being implemented because of a packaging error, where *select blisters* were rotated 180 degrees within the card, reversing the weekly tablet orientation and *making the lot number and expiry date no longer visible*.
>
> * * *
>
> [C]onsumers *exposed to affected packaging* should begin using a non-hormonal form of contraception immediately and consult their health care provider or pharmacist. Pharmacies are being instructed to contact consumers who have received *affected product*.

FDA, Recall – Firm Press Release, "Qualitest Pharmaceuticals Issues a Nationwide Voluntary Recall of Oral Contraceptives," http://www.fda.gov/Safety/Recalls/ucm272199.htm (Sept. 15, 2011) (emphasis added). The press release also includes a link to Defendants' website where consumers can view photographs of properly packaged pills. [29 at ¶ 6.]

---

[4] Plaintiff has withdrawn Count II. [See 28 at 9 n.4.]

[5] The Court takes these facts from the parties' Local Rule 56.1 statements. [See 20, 29.] To the extent that the statements do not comply with Local Rule 56.1, the Court has disregarded them. See *Malec v. Sanford*, 191 F.R.D. 581, 583-85 (N.D. Ill. 2000); see also *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (reaffirming the court's broad discretion to require strict compliance with local rules).

Zubrick's three packages of Tri-Previfem show a lot number and expiry date, as alleged in her complaint. [29 at ¶ 8.]

## II. Legal Standard

### A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * * claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

### B. Motion for Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. And the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S at 252.

### III. Analysis

Defendants argue that the complaint should be dismissed, either under Rule 12(b)(6) or Rule 56, because Zubrick lacks standing and fails to adequately plead each of her causes of action. Zubrick, in turn, argues that her claims have been adequately pleaded and that summary judgment is premature. See Fed. R. Civ. P. 56(d). The Court begins (and ends) with the threshold issue of standing.

Article III standing requires a plaintiff to establish: 1) an "injury in fact," 2) a "causal connection" between the injury and the alleged conduct, and 3) likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

(1992) (internal quotation omitted). Critically, "even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotation omitted); see also *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972) ("[Standing] requires that the party seeking review be himself among the injured.").

Defendants contend that Zubrick cannot establish standing because she did not purchase defective birth control pills. Zubrick, in turn, maintains that such a finding would be premature. The Court disagrees. The complaint contains photos of Zubrick's packages of Tri-Previfem that clearly display a lot number and an expiration date; Zubrick also admits this fact. In addition, Zubrick admits that the recall press release is publicly available and that Defendants' website shows photographs of properly packaged pills. The release states that the recall was implemented because "*select blisters* were rotated 180 degrees within the card, reversing the weekly tablet orientation and *making the lot number and expiry date no longer visible*." (Emphasis added.) The release directs consumers "exposed to affected packaging" to use a back-up method of contraception. Because none of Zubrick's packages are rotated improperly, they are not ineffective under the terms of the recall. Zubrick has not explained how discovery would change these undisputed facts.

Rather, Zubrick argues that "[w]hether or not Plaintiff's package was actually defective is not dispositive to Plaintiff's claim, let alone a threshold requirement." [36 at 3.] The Court again disagrees. Zubrick filed her complaint "to recover for damages for ingesting the *ineffective* [Tri-Previfem] pills." (Emphasis added.) She alleges that the pills were "ineffectively manufactured, packaged, and distributed" in that the pill orientation was out of order, leaving her

"without adequate contraception and at risk for pregnancy." In Counts I and III, Zubrick alleges that she relied on Defendants' failure to disclose the defect in purchasing the pills, resulting in inadequate contraceptive protection. In Count IV, Zubrick alleges that the pills she purchased were not reasonably fit for their intended purpose—namely, birth control. In Count V, Zubrick alleges that, due to the defect, it would be inequitable for Defendants to retain benefits she conferred on them in purchasing the pills. And Zubrick requests, among other things, that Defendants reimburse customers who have purchased "ineffective" Tri-Previfem pills. In sum, a necessary premise of the complaint that Zubrick filed is that the pills she purchased were actually defective in their manufacture, packaging, and distribution.

Because Zubrick purchased properly packaged pills, she has failed to show that she suffered any injury – either the injury described in her complaint or any other injury for which she has alleged a factual predicate that clears the "plausibility" threshold under post-*Iqual* and *Twombly* pleading standards. See, *e.g.*, *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319-20 (5th Cir. 2002) (finding no injury in fact where plaintiff alleged that recalled drug was not defective as to her). Furthermore, the reimbursement program that Zubrick requests in each count of her complaint cannot redress Zubrick's alleged injury because she was not among the purchasers of "ineffective" Tri-Previfem pills. Thus, Zubrick lacks standing to bring the claims asserted in her complaint, and the case must be dismissed without prejudice. See *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir. 2011).

**IV.    Conclusion**

For these reasons, Defendants' motion to dismiss or for summary judgment [18] is granted, and Plaintiff's motion to deny or stay [30] is denied.  Plaintiff's motion to certify [8] is also denied as moot.  The case is dismissed without prejudice.

Dated:  August 27, 2012 	_____
	Robert M. Dow, Jr.
	United States District Judge